**FILED**

August 29 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0150

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 190

C.C. COX,

        Plaintiff and Appellant,

    v.

AMANDA KOBELT and AARON KOBELT,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Sanders, Cause No. DV 12-21
Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        C.C. Cox (self-represented), Plains, Montana

    For Appellees:

        (No Appellees' brief filed.)

Submitted on Briefs:  July 11, 2012

Decided:  August 29, 2012

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     C.C. Cox (Cox) appeals an order of the Twentieth Judicial District Court, Sanders County, dismissing his appeal.  We reverse.

¶2     Cox raises the following issue:

¶3     *Did the District Court properly dismiss Cox's appeal for failure to comply with § 25-33-201, MCA?*

¶4     Cox rented a residence to Amanda and Aaron Kobelt (Kobelts) in Plains, Montana. The relationship between the parties was turbulent, to say the least.  Kobelts signed a lease on September 6, 2011.   Hostilities arose between the parties stemming from the rental relationship that caused Kobelts to move out of the residence on December 1, 2011.

¶5     Cox filed an action in Justice Court against Kobelts after the termination of the rental relationship.  Cox alleged, in part, that Kobelts owed him past due rent and owed him for property damages caused by Kobelts.  The Justice Court held a bench trial, and rejected Cox's allegations.  The court instead ordered Cox to return Kobelts' security deposit of $850.

¶6     Cox appealed this judgment to District Court. Cox included in his notice of appeal an undertaking that stated he would pay the $850 judgment if the District Court dismissed his appeal or if he withdrew his appeal.  Cox also stated that he would pay the amount of any judgment rendered against him in District Court.  Cox included the name of two sureties who would guarantee his payment of judgment.

¶7     The District Court dismissed Cox's appeal.  It stated that Cox had failed to comply with § 25-33-201, MCA, which requires that the appellant file an undertaking for a sum twice

2

the amount of the Justice Court judgment. The District Court noted that Cox had included only the exact sum of his Justice Court judgment rather than a sum twice the amount of the judgment. The court dismissed the appeal based on Cox's inadequate undertaking. Cox appeals.

## STANDARD OF REVIEW

¶8 A district court's interpretation and application of a statute represents a conclusion of law. *Estate of Donald v. Kalispell Regl. Med. Cntr.,* 2011 MT 166, ¶ 17, 361 Mont. 179, 258 P.3d 395. We review a district court's conclusions of law to determine whether those conclusions are correct. *Estate of Donald*, ¶ 17.

## DISCUSSION

¶9 *Did the District Court properly dismiss Cox's appeal for failure to comply with § 25-33-201, MCA?*

¶10 Cox contends that Montana law required the District Court to provide Cox an opportunity to remedy his undertaking before dismissing his appeal. Section 25-33-207, MCA, governs defective undertakings. It provides that "[n]o appeal shall be dismissed for insufficiency of the undertaking . . . if a good and sufficient undertaking be filed in the district court at or before the hearing of the motion to dismiss the appeal . . . ." This statute required the District Court to provide Cox an opportunity to remedy his defective undertaking, at least until the District Court held a hearing. The District Court failed to provide Cox any such opportunity before it dismissed his appeal.

¶11 We reverse. The District Court must provide Cox an opportunity, pursuant to § 25-

3

33-207, MCA, to remedy his undertaking before dismissing his appeal.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE